IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BARRY LANDRY #259462,    *
                         *
    Petitioner,          *
                         *
vs.                      *   CIVIL ACTION: 13-00645-KD-B
                         *
DEWAYNE ESTES,           *
                         *
    Respondent.          *

## REPORT AND RECOMMENDATION

Barry Landry, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that the petition be dismissed as barred by the statute of limitations[1].

---

[1] Also pending before the Court is Landry's letter requesting a computer print out of the conversation that he is alleged to have had with a minor female. (Doc. 9). The Court is treating Landry's letter as a motion for production of documents, and finds that the request is due to be **denied** because Landry's petition is barred, and the requested print out relates to

1

**FINDINGS OF FACT**

On May 8, 2008, Landry pled guilty to Attempted Solicitation of a Child by Computer and Attempting to Transmit Obscene Material to a Child by Computer in the Circuit Court of Baldwin County, Alabama. (Docs. 8-1 at 10, 8-10 at 1). He was sentenced to two consecutive terms of ten years. (Docs. 1 at 2, 8-1 at 21-23.). Landry filed an appeal, and on September 12, 2008, the Alabama Court of Criminal Appeals affirmed his conviction. Landry v. State, 27 So.2d 633 (Ala. Crim. App. 2008). The Alabama Court of Criminal Appeals issued a certificate of judgment on October 1, 2008 (Doc. 8-6).

On January 6, 2012, Landry filed a Rule 32 petition with the trial court. (Doc. 8-10 at 1). He asserted the following grounds: 1)his guilty plea was involuntary, 2) his confession was coerced, 3) the evidence against him was obtained by an illegal search and seizure, 4) his arrest was unlawful, 5) his privilege against self incrimination was violated, 6) he received ineffective assistance of counsel, 7) the court lacked the jurisdiction to render judgment or impose sentence, and 8) newly discovered evidence existed which required his conviction to be vacated. (Doc. 8-7 at 9-10). Landry also argued that he was mentally incompetent, intoxicated from pain medication

---

Landry's underlying conviction rather than the issue of equitable tolling.

administered by a doctor, and that he believed he had been interacting with an adult female who wanted to engage in fantasy computer play. (Doc. 8-8 at 2).

The Government filed a response in opposition and argued that Landry's petition should be summarily dismissed because it was time-barred on its face, it did not contain any basis for equitable tolling, and it was precluded as a successive petition.[2] (Doc. 8-7 at 92). The trial court denied Landry's Rule 32 petition. (Id. at 107). On November 30, 2012 the Alabama Court of Criminal Appeals affirmed the trial court's dismissal of Landry's Rule 32 petition. (Doc. 8-10). Landry's Application for Rehearing was overruled on December 14, 2012. (Doc. 8-11). Landry filed a writ of certiorari petition with the Alabama Supreme Court, which was denied on February 15, 2013. A certificate of final judgment was issued the same day. (Doc. 8-12).

Landry filed the instant § 2254 petition on December 20, 2013[3]. (Doc. 1). He attacks his May 8, 2008 conviction and

---

[2] Although the State argued that Landry's Rule 32 petition was a successive petition because Landry had filed an earlier Rule 32 petition on March 23, 2009, Landry does not assert, and the record does not reflect, that Landry filed an earlier Rule 32 petition. (Doc. 1 at 4).

[3] While Landry's habeas petition was received by the Clerk's Office on December 30, 2013, pursuant to the mailbox rule, a prisoner's petition is deemed filed on the date it is delivered to prison officials for mailing, absent contrary evidence.

3

sentences, on the following grounds: (1) his guilty plea was unlawfully induced or not made voluntarily with understanding of the charge and the consequences of the plea; (2) ineffective assistance of counsel; (3) his confession was coerced; (4) his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; (5) his conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest; and (6) the Court was without jurisdiction to render the judgment or impose the sentence.[4] (Doc. 1 at 14-19). In its Answer, Respondent asserts that because Landry's direct appeal became final on December 30, 2008, his § 2554 petition is beyond the one year period of limitation under 28 U.S.C. 6 2244(d) and should therefore be dismissed as untimely. (Doc 8 at 2-3). Respondent additionally asserts that because Landry raised the same claims in his Rule 32 proceedings, and the State appellate court determined the claims to be precluded or barred based on State procedural rules; federal habeas review of these procedurally defaulted claims is not permitted. (Id. at 3). For the reasons set forth herein, the undersigned recommends that

---

Houston v. Lack, 487 U.S. 266, 271-71, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Adams v. United States, 173 F. 3d 1339, 1340-41 (11th Cir. 1999). The record reflects that Landry signed his petition on December 20, 2013, and absent evidence to the contrary, that date is deemed the date on which he tendered the petition to prison officials for mailing.

[4] Landry's sixth ground for his habeas petition was labeled "Ground Seven," but only six grounds are listed in the petition. (Doc. 1 at 18-19).

the Landry's petition be dismissed because it is barred by the one-year statute of limitations.

## ANALYSIS

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have

5

> been discovered through the exercise of diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

As noted above, the AEDPA imposes a one-year limitations period on § 2254 actions and includes one of several commencement dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Pugh v. Smith, 465 F.3d 1295, 1298 (11th Cir. 2006). In this case, the Alabama Supreme Court issued a Certificate of Judgment following the denial of Landry's writ of certiorari on October 1, 2008 (Doc. 8-6). Under established law, Landry's conviction became final when the time for him to seek review before the United States Supreme Court expired. See Coates v. Byrd, 211 F.3d 1225, 1226-1227 (11th Cir. 2000). Here, Landry does not assert, and the record does not reflect that he sought review before the United States Supreme Court; thus, his conviction became final on December 30, 2008, which was when the ninety days for him to petition the United States Supreme Court expired. Accordingly, the statute of limitations for Landry to file a federal habeas petition began running on December 30,

2008, and in the absence of a tolling event, expired one year later, on December 30, 2009. Thus, unless Landry can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. See In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). Although Landry filed a Rule 32 petition with the state court, it was not pending during the running of the AEDPA limitation period. The law is clear that "[E]ven 'properly filed' state court-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); see also Tinker v. Moore, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001)("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)("While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.")(citation omitted). Because the AEDPA limitations

period had already expired by the time Landry filed his Rule 32 petition in 2012, it had no tolling effect. Thus, Landry's federal habeas petition, which was filed five years after the December 30, 2008 deadline, was untimely.

Before recommending dismissal of Landry's habeas petition as untimely, the undersigned must determine whether Landry has pled extraordinary circumstances that require a contrary conclusion. Thus, unless Landry can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy, which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Holland v. Florida, 560 U.S. 631, 645 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130, 143 (2010) (" §2244(d) is subject to equitable tolling in appropriate cases[,] . . . We have previously made clear that a 'petitioner' is entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

in his way' and prevented timely filing."); Diaz v. Sec'y for the Dept. of Corr., 362 F.3d 698 (11th Cir. 2004); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)(" equitable tolling is proper only when the principles of equity would make [the] rigid application [of a limitation period] unfair . . . [g]enerally, this will occur when the petitioner has in some extraordinary way...been prevented from asserting his or her rights . . . [t]he petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims . . . [m]ere excusable neglect is not sufficient"). Moreover, in the Eleventh Circuit, as a general rule, "the "extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Sec'y of Dep't of Corr., 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Dep't of Corr., 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In this case, Landry has failed to establish a basis for equitable tolling of the statutory limitations period. Instead of arguing for equitable tolling, in completing the § 2254 form, Landry drew a line through the section that directs petitioners to explain why their petition is not barred by the one-year

9

statute of limitations of 28 U.S.C. § 2244(d). (Doc. 1 at 12). Further, Landry did not provide any information regarding the one-year statute of limitations in documents attached to his petition. (Doc. 1 at 14-19). He has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. Landry has also failed to allege, let alone offer any evidence that suggests that he is innocent.

Where Respondent has asserted the defense of statute of limitations and the Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of AEDPA's limitations period, the undersigned must recommend that this case be dismissed as time-barred. Accordingly, the undersigned finds that because Landry has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred, and judgment should be entered in favor of Respondent.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L.Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further").

In the instant action, Landry's claims are clearly time barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. Steed, 219 F.3d at 1300. He has also failed to make a sufficient showing of 'actual innocence' of the charge

11

for which he was convicted. Schlup, 513 U.S. at 327. Thus, under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Landry should be allowed to proceed further. Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further"). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether the Landry's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

**CONCLUSION**

For the reasons set forth above, the undersigned recommends that the Court dismiss Landry's petition with prejudice as time-barred and find that he is not entitled to a Certificate of Appealability, and that he is not entitled to proceed *in forma pauperis*[5] on appeal.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on

---

[5] An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L. R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **26th** day of **September, 2014.**

                                            /s/ SONJA F. BIVINS
                                      **UNITED STATES MAGISTRATE JUDGE**